UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-60104-MOORE/LOUIS

UNITED STATES OF AMERICA

v.

TYRONE GERRY DORGILE,
    a/k/a "MIKE JONES," and,
MICHELLE LYNN JONES,

       **Defendants.**
_____/

**UNITED STATES'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER
REGULATING DISCLOSURE OF DISCOVERY AND SENSITIVE INFORMATION**

The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, respectfully moves for a Protective Order for appropriate protections against widespread dissemination of the discovery materials and the sensitive information contained therein, which will be disclosed in the above captioned matter. This sensitive information includes records containing personal information, such as addresses, dates of birth, phone numbers, and other personal, identifying information of individuals, including witnesses (collectively, the "Sensitive Information"). Given the volume and format of Sensitive Information in this case, it is not practicable for the United States to redact it.

The government seeks protections that will not impede the Defendants' ability to prepare for their defense, but merely will protect against the improper dissemination or use of the Sensitive Information. The United States respectfully submits that the equities favor this Court placing

reasonable limitations on the way the defense may use the sensitive information in the discovery materials.

The Defendants Tyrone Gerry Dorgile and Michelle Lynn Jones (collectively, the "Defendants") are charged by Indictment with one (1) count of conspiring to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846; and three (3) counts of possessing with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (DE 18). The offense conduct is alleged to have occurred beginning at least as early as September 2022, and continuing until on or about May 4, 2023.

In order to protect the Sensitive Information by limiting its dissemination to only those individuals necessary to assist in the defense in this case, the United States requests that the Court enter an order regulating disclosure of discovery as follows:

1. The United States is authorized to disclose Sensitive Information in its possession that the United States believes necessary to comply with the discovery obligations imposed by this Court;

2. The United States shall mark that portion of the discovery that includes Sensitive Information as "Confidential." This information will be governed by the following rules:

    a. Counsel of record for the defendant shall hold in strictest confidence the discovery material marked "Confidential" and shall disclose that material to her client, office staff, investigators, and witnesses (including any experts) only to the extent that he or she believes is necessary to assist in the defense of this matter and in a manner that will prohibit the disclosure of any Confidential

portion of the Discovery to other persons not involved in the defense;

b. Counsel of record for the Defendants shall advise any person to whom the "Confidential" material is disclosed that such information shall be held in strict confidence, and that further disclosure or dissemination is prohibited without defense counsel's express consent;

c. Counsel of record for the Defendants shall obtain a certification from any person to whom the "Confidential" material is disclosed, in which the recipient (a) acknowledges the restrictions set forth in the Protective Order, and (b) agrees that he/she will not disclose or disseminate the information without the express consent of defense counsel. Counsel shall keep a copy of each certification to identify the individuals who received the discovery materials and the date on which such information was first disclosed;

d. Defense counsel may discuss with and show the Defendants copies of the Confidential portion of Discovery, but may not provide the Defendants with copies of the Confidential portion of Discovery. Under no circumstance shall defense counsel permit the Defendants or any other individual to remove the Confidential portion of Discovery from defense counsel's office, retain any copies of the Confidential portion of Discovery, or reproduce in any manner the Confidential portion of Discovery;

e. To the extent defense counsel wants to provide copies of Discovery marked Confidential to a Defendant, defense counsel agrees that prior to providing copies to a Defendant, the following Sensitive Information (other than that information belonging to the particular Defendant) will be redacted consistent

    with Federal Rule of Criminal Procedure 49.1, the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(1), and CM/ECF Administrative Procedures, Section 6, Redaction of Personal Information, Privacy Policy, and Inappropriate Materials: personal identification numbers, such as social-security numbers, taxpayer-identification numbers, passport numbers, driver's license numbers, or other identification card numbers; dates of birth; the names of any victims or witnesses so that only the initials are visible; financial-account numbers, including bank account numbers, debit card numbers, credit card numbers, and billing account numbers; home addresses; signatures; contact information, such as telephone numbers, e-mail addresses, and social media handles; and financial information, other than bank records belonging to that particular Defendant. Defense counsel agrees to keep copies in their files of the redacted versions of all Discovery marked Confidential that are provided to a Defendant;

f.  Counsel of record agrees that, upon conclusion of the above-captioned case, copies of the "Confidential" material produced to defense counsel pursuant to the terms of this order shall be destroyed or returned to the United States; and

g.  Counsel of record for the Defendants agrees that if he or she is unsure whether a particular item contains personal identification information or "Confidential" material, counsel of record for the Defendants shall contact the Assistant United States Attorney assigned to the case to jointly decide if the item should be deemed "Confidential." If the parties are unable to reach an agreement, the parties will present the issue to the Court for review.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, the United States respectfully requests this honorable Court enter a Protective Order regarding the Discovery in this matter.

Counsel for the United States has conferred with counsel for the Defendants, who do not oppose this motion.

                                        Respectfully submitted,

                                        MARKENZY LAPOINTE
                                        UNITED STATES ATTORNEY

                            By:  */s/Katherine W. Guthrie*
                                  Katherine W. Guthrie
                                  Assistant United States Attorney
                                  Court ID No. A5502786
                                  99 Northeast 4th Street, 6th Floor
                                  Miami, Florida 33132-2111
                                  Tel: (305) 961-9117
                                  Katherine.Guthrie@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 16, 2023, I electronically filed the foregoing document with the Clerk of the Court and counsel for the defendant using CM/ECF.

/s/Katherine W. Guthrie
Katherine W. Guthrie
Assistant United States Attorney